Irving A. Adler v. Commissioner.
Adler v. Commissioner
Docket No. 1668-62.
United States Tax Court
T.C. Memo 1963-196; 1963 Tax Ct. Memo LEXIS 150; 22 T.C.M. (CCH) 965; T.C.M. (RIA) 63196; July 23, 1963
*150 Irving A. Adler, 14371 Magnolia St., Westminster, Calif., pro se. Frank E. Phillips, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, J.: The Commissioner determined a deficiency in petitioner's 1959 income tax in the amount of $124.53, as a result of disallowing a deduction of $593 as a "medical expense". A stipulation of facts filed by the parties is incorporated herein by reference. The sole question is whether petitioner is entitled to deduct the cost of dancing lessons as a medical expense in 1959. The stipulation and evidence show that petitioner while in the Army during World War II was operated on for ligation of varicose veins of his left leg. While in the Army he heard at a lecture that dancing was beneficial for one suffering with varicose veins in the legs. He was married during the years 1944-1948, and he testified that he danced "several times" with his wife. He understands that walking is also beneficial for one with his condition. Petitioner is presently employed as a postal clerk in the United States Post Office Department, and has thus been employed for some years, including 1959. His job is that of a "distribution" clerk, *151 and involves sitting and standing. Standing is not good for one in petitioner's condition, but he has never sought a transfer in his job from clerk to mail carrier. In 1959 petitioner entered into an agreement with the owners of the Arthur Murray Dance Studio in Santa Ana, California, to take 76 lessons at a cost of $760. These lessons were not prescribed by any medical doctor, but petitioner reached the conclusion to take the dance lessons by virtue of his own personal medical knowledge and his own personal diagnosis. He discontinued the lessons sometime in October 1960. He knew how to dance before he enrolled in this series of lessons, but he learned new steps as a result of the lessons. In addition to the lessons, there were social dances at the Arthur Murray studio, at which refreshments were served. Petitioner felt that dancing helped him to stay slim, with the result that there would be less pressure upon his leg. On his 1959 income tax return petitioner deducted $593 as a medical expense - being $750 minus three percent of his reported adjusted gross income. It is the Commissioner's disallowance of this deduction that gives rise to the deficiency before us. We hold that *152 the deficiency must be approved. No doubt petitioner honestly believed that dancing was helpful in relation to his varicose veins. However, many things may be related to health, without necessarily furnishing the basis for deduction. We cannot conclude on this record that the expenses claimed were "medical expenses". Cf. . The mere fact that a representative of the Arthur Murray studio informed petitioner, as testified by him, that the cost of the lessons would be deductible is no basis whatever for the allowance of such deduction. Decision will be entered for the respondent.