Irving A. **ADLER**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 19023.

United States Court of Appeals
Ninth Circuit.

April 2, 1964.

Irving A. Adler, in pro. per.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, and Alan D. Pekelner, Attorneys, Dept. of Justice, Washington, D. C., for respondent.

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge.

The sole issue in this case is whether the Tax Court was justified in holding that the cost to petitioner ($593.00) of Arthur Murray dancing lessons, purchased during the calendar year 1959, were not medical care under §§ 213 and 262 of the Internal Revenue Code of 1954.[1] Tax of $124.53 is involved.

The cost of these dancing lessons was held non-deductible by the Tax Court in the absence of any proof of the existence of special circumstances in petitioner's case which required him to take dancing lessons, rather than any other form of exercise, such as running or walking.

The lessons were not prescribed by any medical doctor, but petitioner thought they might help his condition of varicose veins, by reason of a lecture he had heard while in the Army. Petitioner thought the lessons would help him stay thin, and thus create less pressure on his leg. Petitioner knew how to dance before taking the lessons, but learned new steps.

In Thoene v. Commissioner, 33 T.C. 62, 63, the petitioner was held not entitled to claim as a medical deduction amounts expended for dance lessons, even though dancing had been recommended to that petitioner by his doctor, and he needed mild post-operative strengthening of his abdominal and leg muscles.

 We agree that by the term "medical care" as defined in § 213(e) (1) (A), the dance lessons involved were not "for the diagnosis, cure, mitigation, treatment, or prevention of disease." Nor were they primarily for the purpose "of affecting any structure or function of the body."

Section 1.213–1(e) (ii) of the Treasury Regulations on Income Tax (1954 Code), states under the heading "Medical, dental, etc., expenses":

"(e) *Definitions*—(1) *General.* * *

"(ii) Amounts paid for operations or treatments affecting any portion of the body, including obstetrical expenses and expenses of therapy or X-ray treatments, are deemed to be for the purpose of affecting any structure or function of the body and are therefore paid for medical care. Amounts expended for illegal operations or treatments are not deductible. Deductions for expenditures for medical care allowable under section 213 will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness. Thus, payments for the following are payments for medical care: hospital services, nursing services (including nurses' board where paid by the taxpayer), medical, laboratory, surgical, dental and other diagnostic and healing services, X-rays, medicine and drugs (as defined in subparagraph (2) of this paragraph, subject to the 1-percent limitation in paragraph (b) of this section), artificial teeth or limbs, and ambulance hire. However, an expenditure which is merely beneficial to the general health of an individual, such as an expenditure for a vacation, is not an expenditure for medical care.

\* \* \* \* \* \*

(26 C.F.R., sec. 1.213–1)"

"(1) The term 'medical care' means amounts paid—

"(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance),
\* \* \*

\* \* \* \* \*

(26 U.S.C.1958 ed., § 213.)"

---

[1]. "§ 213. Medical, dental, etc., expenses.

"(a) *Allowance of Deduction.*—There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152)—

\* \* \* \* \*

"(e) *Definitions.*—For purposes of this section—

 

Petitioner alleges (1) he was misled by the language used in the government's pamphlet: "Your Federal Income Tax For Individuals" (1958, 1959 and 1960) which describes "medical expenses," not "medical care;" (2) that he is willing to pay the tax on the money used for lessons when and if petitioner obtains restitution of money for unused lessons from the Arthur Murray organization; and (3) that an Arthur Murray manager told petitioner that because he had varicose veins, the dancing lessons' cost was deductible.

None of these defenses has merit. The government need not, and cannot, await for a convenient time for taxpayers to pay taxes. Nor can any interpretation by taxpayers of the language used in government pamphlets act as an estoppel against the government, nor change the meaning of taxing statutes; any more than a dance studio manager can bind the government in its effort to collect taxes.

Affirmed.