Irving A. Adler v. Commissioner.
Adler v. Commissioner
Docket No. 3013-64.
United States Tax Court
T.C. Memo 1966-63; 1966 Tax Ct. Memo LEXIS 218; 25 T.C.M. (CCH) 339; T.C.M. (RIA) 66063; March 25, 1966
Irving A. Adler, pro se, 14371 Magnolia St., Westminster, Calif. Richard L. Fishman, for the respondent. *219 FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in petitioner's Federal income taxes of $348.33, $144.36, and $144.52 for the taxable years 1960, 1961, and 1962, respectively. The issues for decision are: (1) Is petitioner entitled to a dependency exemption for his son in 1961 and 1962 and either an exemption or a deduction for child support in 1960; (2) is petitioner entitled to a deduction in 1960 as a medical expense for amounts paid for dancing lessons; (3) whether or not petitioner correctly computed his income tax for the years 1960 through 1962, inclusive, using head of household rates; and (4) are either the dependency or head of household provisions unconstitutional as applied to the petitioner. Findings of Fact Some of the facts are stipulated and as stipulated are so found. Petitioner, Irving A. Adler, timely filed his Federal income tax returns for the taxable calendar years 1960, 1961, and 1962 with the district director of internal revenue at Los Angeles, California. During the years 1960, 1961, and 1962 petitioner made payments toward the support of his child, John J. Adler, who resided with petitioner's *220 former spouse, in the following amounts: $687.50, $706.60, and $1006.50, respectively. During the year 1960 petitioner paid $925.76 to the Arthur Murray Dance Studio, Santa Ana, California. Petitioner claimed a deduction of $650 in his 1960 income tax return as a deduction for payment of child support. He also claimed a deduction in 1960 of $925.76 as a medical expense for dancing lessons. In his returns for 1961 and 1962, petitioner claimed a dependency deduction for his son. In all three years before us, petitioner determined his tax by using the head of household rates in section 1(b) of the Internal Revenue Code of 1954. Respondent denied petitioner's deductions in 1960 (1)for child support and (2) for the cost of dancing lessons on the grounds that the claimed deductions were not provided for by the Internal Revenue Code. Respondent disallowed petitioner's dependency deductions in 1961 and 1962 for the reason that petitioner failed to substantiate that his son qualified as a dependent under section 151 of the Internal Revenue Code of 1954. Respondent also recomputed petitioner's income tax for all the years in issue under the rates *221 applicable to single persons under section 1(a) of the Internal Revenue Code of 1954, claiming that petitioner did not qualify as head of household as defined in section 1(b). Opinion The first issue for decision is whether petitioner is entitled to a dependency deduction for his son in 1961 and 1962 and either as an exemption or a deduction for child support in 1960. There are three requirements to be met before an exemption for a dependent is permitted under section 151. These are set out in sections 151 and 152 and may be summarized as follows: (1) The claimed dependent must have less than $600 of "gross income," or is a student, or is under 19 years of age; (2) over one-half of the dependent's support for the calendar year must have been furnished by the taxpayer (except in the case of a multiple support agreement); and (3) the dependent must be one of the persons described in section 152(a). Unless these requirements are met, no dependency deduction under section 151 is allowable despite the fact that the taxpayer actually did furnish payments in the nature of support to a dependent. Since petitioner failed to introduce any evidence that even remotely *222 establishes the first and second requirements for the dependency deduction, and in the absence of any other provision in the Internal Revenue Code allowing a deduction for "child support," we hold for respondent. The second issue for our decision is whether petitioner is entitled to deduct the cost of dancing lessons as a medical expense in 1960. Petitioner attempted to take a similar deduction for the cost of dancing lessons on his 1959 income tax return. See Irving A. Adler, 22 T.C.M. 965 (1963), affd. 330 F. 2d 91 (C.A. 9, 1964), wherein this Court concluded that the record before it failed to support petitioner's position that the expenses claimed for dancing lessons were "medical expenses." Petitioner argues that he was misled by the language used in the Government's pamphlet "Your Federal Income Tax * * * for Individuals," (1958, 1959, 1960, 1961, and 1963) which describes "medical expenses." However, no "interpretation by taxpayers of the language used in government pamphlets [can] act as an estoppel against the government, nor [can it] change the meaning of taxing statutes," Adler v. Commissioner, 330 F. 2d 91, 93 (C.A. 9, 1964), *223 affirming a Memorandum Opinion of this Court. Furthermore, petitioner herein has not introduced any facts in addition to those considered by this Court in Irving A Adler, supra, to support his contention herein. For the reasons stated above, we hold for respondent on this issue. The third issue to be considered is whether petitioner correctly computed his tax for the years 1960 through 1962, inclusive, using head of household rates. Section 1(b)(2) defines the type of individual taxpayer who is entitled to compute his Federal income tax using head of household rates. The relevant provisions of that section provide as follows: SEC. 1(b)(2). Definition of Head of Household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse * * *, and either - (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son, * * * only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, * * * *224 (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph * * *, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. Petitioner has not shown any facts which would establish him as a "head of household" as defined in section 1(b)(2). [1] Therefore, he is not entitled to use the tax rates authorized by that section; and, accordingly, we hold that respondent correctly recomputed petitioner's tax using the rates set out in section 1(a) applicable to individuals. The final issue for decision is whether the dependency or head of household provisions are unconstitutional as applied to petitioner. In Frederick N. Dillon, 20 B.T.A. 690, 691 (1930), the Board of Tax Appeals stated: *225 In order to raise a question of law with respect to the constitutionality of a particular section of any one of the revenue acts, it is not sufficient to allege in general terms that Congress does not have the power to enact the section complained of. The specific constitutional provision alleged to be violated must be pointed out. * * * Petitioner has merely made general criticisms of the Internal Revenue Code but has not alluded to any specific constitutional violations. Therefore we hold that petitioner has not sustained his charges of unconstitutionality. Decision will be entered for the respondent. Footnotes
1. Although in his brief petitioner implies for the first time herein that his aged mother shared his home, we have no evidence to support this assertion.↩