Gerhard F.B. Boerner and Shirley A. Boerner v. Commissioner.
Boerner v. Commissioner
Docket No. 228-70 SC.
United States Tax Court
T.C. Memo 1971-54; 1971 Tax Ct. Memo LEXIS 274; 30 T.C.M. (CCH) 240; T.C.M. (RIA) 71054; March 29, 1971, Filed. Gerhard F.B. Boerner, pro se, 111 W. Monroe St., Chicago, Ill.Roger Rhodes, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $161.58 in petitioners' income taxes for the year 1968. The sole issue before us concerns the amount of transportation expenses which petitioners are entitled to deduct under section 162(a) [1] as incident to educational expenditures, the deductibility of which is not in dispute herein. *275 Petitioners are husband and wife who had their legal residence in Phoenix, Arizona, at the time the petition herein was filed. During 1968, petitioner Gerhard F.B. Boerner (hereinafter Gerhard) was employed by Litton Systems, Inc., at Luke Air Force Base, located in the metropolitan area of Phoenix, Arizona. Also during 1968, he was a student at Arizona State University (hereinafter ASU) in Tempe, Arizona (also located in the metropolitan Phoenix area), where he attended classes on 220 days during the year. The petitioners' home was located on a direct line between ASU and Luke Air Force Base. The distance between their home and ASU was 19 miles. The distance between their home and Luke Air Force Base was 16 miles. On the days he attended classes, Gerhard would leave his home in the morning and drive to ASU for his classes. When classes were over for the day, he would first return home for lunch, then drive to Luke Air Force Base for work. After completing his daily work, Gerhard would then return home. In their 1968 joint return, petitioners claimed deductions under section 162(a) for the expenses incurred as a result of Gerhard's attendance at ASU. The total amount claimed *276 was $2,064. Of this amount, $536 represented expenditures for tuition, fees, books, and supplies which respondent has allowed. The remainder, $1,528, represented transportation costs allegedly incurred in connection with Gerhard's attendance at ASU. This amount was computed by utilizing the round-trip distance between ASU and Luke Air Force Base (70 miles) and the standard mileage rates of 10 cents per mile for the first 15,000 miles and 7 cents per mile for the excess. [2] Respondent does not contest the use of this formula herein. Petitioners argue that they are entitled to compute the amount of the transportation expense deduction using the round-trip distance between ASU and Luke Air Force Base. They claim that these two places are not located in the same general area and rely exclusively upon portions of an Internal Revenue Service publication entitled "Your Federal Income Tax" (1969). This publication contains the following (pp. 50-53): 11. Employees' Educational Expense * * * Transportation Expenses *277 You may deduct transportation expenses for qualified educational activities that you incur in going between: (1) the general area of your principal business location and a school located beyond that general area; or (2) your place of employment and a school within the same general area. However, if you return home before going to school, your expense is deductible only to the extent it does not exceed the transportation expense you would have incurred had you gone from work to school. Example 1. You live and work in Newark, New Jersey, and go to New York City three times a week to attend night classes at a university there. If your educational expenses are deductible, your round trip transportation expenses (including toll and parking fees) are deductible. Example2. You attend night classes at a college located in the same city as your office. (Assume that you can deduct your educational expenses.) You go directly to the college after work. You may deduct the cost of going from your office to the college. You may not deduct the cost of local transportation between your residence and school on a non-working day. This expense is in the nature of a personal commuting expense. *278 * * * 242 12. Other Expenses of Employees * * * Nondeductible expenses. Certain expenses of employees are not deductible in any event. They include: Commuting to and from work; * * * In his initial determination, respondent allowed the transportation costs measured by the one-way distance between Luke Air Force Base and ASU on the ground that, since both places were located in the same general area, chapter 11(2) of "Your Federal Income Tax" (1969) applied. On brief, however, respondent has modified his position to claim that petitioners' deduction should be calculated on the basis of the round-trip distance between ASU and their home. Thus, respondent basically argues that the deduction should be limited to the excess transportation costs over what it otherwise would have cost Gerhard to commute between the base and home. We agree with respondent. At the outset, we note that it has been held that respondent is not bound by statements contained in such publications as "Your Federal Income Tax." Adler v. Commissioner, 330 F. 2d 91 (C.A. 9, 1964); Harry D. Aldridge 51 T.C. 475, 482 (1968). But even if the rule were otherwise, petitioner could *279 prevail if, and only if, we were to look only to chapter 11 and ignore chapter 12 and then only if we were to find that ASU and Luke Air Force Base were not in the same general area. Chapter 11 is intended to aid taxpayers in understanding which educational expenses are deductible under section 162. However, the quoted portion of chapter 12 contains a limitation which arises by virtue of section 262.[3] These two sections of the Code are complementary and must be read together. In a similar vein, chapters 11 and 12 of "Your Federal Income Tax" must be synthesized. In the situation where a taxpayer uses his automobile to carry himself and bulky or heavy work materials between his home and place of business, we have established a "but for" test in determining whether a deduction should be allowed for his automobile expenses. Herold Gilberg, 55 T.C. - (Jan. 7, 1971). Even in those circuits which reject such test in favor of a dual purpose standard, we have not been required to do more than allocate *280 a portion of such expenses on some basis which will presumptively or actually reflect the excess cost of carrying the work materials. Compare Tyne v. Commissioner, 409 F. 2d 485 (C.A. 7, 1969); Sullivan v. Commissioner, 368 F. 2d 1007 (C.A. 2, 1966); Arnold T. Anderson, 55 T.C. - (Feb. 16, 1971); Donald W. Fausner, 55 T.C. - (Jan. 7, 1971). We think that petitioners herein at most should fare no better. They should in no event be permitted to convert the expense of commuting between home and Luke Air Force Base, which is nondeductible under section 262 ( Commissioner v. Flowers, 326 U.S. 465 (1946), [4] into a deductible expenditure simply because of an added separate element of transportation between home and ASU. Gerhard's testimony clearly indicated that the only travel necessitated by his enrollment at ASU was his round trip between his home and ASU, a total distance of 38 miles. Just as clearly, his travel from his home to work and back, a total distance of 32 miles, was commuting. Respondent has not sought to disallow *281 that portion of petitioners' claimed deduction which equals an amount computed by utilizing the round-trip distance between their home and ASU. Compare Fortney v. Campbell, an unreported case ( N.D. Tex. 1964, 13 A.F.T.R. 2d 1619). We hold that the amount allowed is the maximum to which petitioners are entitled. In view of our holding and also in light of respondent's present position as to the measure of the allowable deduction herein, we need not deal with petitioners' contention that ASU was located beyond the general area of Luke Air Force Base. Nor do we express any opinion as to other situations where the juxtaposition of the critical locations may be such as to make the round trip between home and one location an inappropriate basis for decision. Decision will be entered under Rule 50. 243 Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩
2. Rev. Proc. 66-10, 1966-1 C.B. 622, superseded for years commencing after December 31, 1969 by Rev. Proc. 70-25↩, I.R.B. 1970-41, 59.
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses.↩
4. Accord: Smith v. Warren, 388 F. 2d 671↩ (C.A. 9, 1968); Harold Gilberg, 55 T.C. - (Jan. 7, 1971).