GRACE and WALTER E. BESCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
BESCH v. COMMISSIONER
Docket No. 3375-81
United States Tax Court
T.C. Memo 1982-15; 1982 Tax Ct. Memo LEXIS 730; 43 T.C.M. (CCH) 286; T.C.M. (RIA) 82015; January 12, 1982. Grace Besch, pro se. Edward G. Langer, for respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing and disposition, pursuant to section 7456(c) of the Internal Revenue Code of 1954, as amended, *731 [1] and Rules 180 et seq. of the Rules of Practice and Procedure of this Court. [2] The Court agrees with and adopts his opinion which is set out herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $ 333.42 in petitioners' 1978 Federal income taxes. The issue for decision is whether petitioners are entitled to a deduction for an office in the home under section 280A of the Code. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto and identified therein, is incorporated herein by reference. Petitioners Grace and Walter Besch maintained their residence in Milwaukee, Wisconsin, at the time they filed their petition in this case. Petitioner Grace Besch ("petitioner") was principal of *732 Riley Elementary School ("the school") on the south side of Milwaukee during 1978, as well as for six years prior thereto. During the school year 1976-77, the character of the school began to change due to the impact of integration of the student body; whereby students from the inner city were bused to the school. There were increased discipline problems as well as increased paperwork with which petitioner had to cope arising from reports required, forms to be filled out under the various Federal fundings that became available to the school as the result of the changed composition of the student body. In addition, the size of the regular faculty doubled and there was an increase in the number of specialists and supporting staff. Petitioner had an office in the school building, which was approximately 8 feet by 20 feet and contained a desk, chair, conference table, filing cabinets, and a telephone. Petitioner used this office to meet with parents and students as well as to carry on the many other activities that devolve upon a principal during the course of a school day. In addition, she sometimes held conferences in the vice-principal's office, and her duties also took her to *733 other areas of the school building. Petitioner worked at the school between six and eight hours per day. Petitioner's house contained a spare bedroom that contained a folding extension table, desk, a lamp, and a typewriter. Petitioner used this room from one to two hours per day to do paperwork such as filling out forms, and to do reading in connection with her principal's duties. She did not use the room to confer with parents, students, or teachers. Petitioner was not required by the Minnesota School system to maintain an office in her home or to do work at home. Petitioner claimed a deduction for the expenses of an office in the home on the joint return which she and her husband filed for 1978. Respondent denied the deduction on the ground that petitioner had not met the requirements of section 280A. He does not question the amount of the deduction. OPINION Section 280A, which was added to the Code by section 601 of the Tax Reform Act of 1976 effective for years after 1975 in a tightening-up of the requirements for deductions of office-in-home expenses, generally disallows a deduction with respect to a dwelling unit which is used by the taxpayer as a residence. Section *734 280A(a). However, section 280A(c) makes an exception to the general rule, and it provides in paragraph (1): (1) Certain business use. -- Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of a dwelling unit which is exclusively used on a regular basis -- (A) as the taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Respondent concedes that petitioner's use of the room in question was exclusively for performing duties in connection with her employment as a school principal and that such use was on a regular basis. The room was an integral part of petitioner's residence, and not a separate structure. Petitioner did not use the room to confer with patients, clients, or customers *735 -- or with anyone else. Thus, it remains for petitioner (upon whom the burden of proof rests, Welch v. Helvering, 290 U.S. 111 (1934); Rule 142(a) of this Court's Rules of Practice and Procedure) to establish (1) that the room was her principal place of business, and (2) that her use of the room was for the convenience of her employer. It is not believed that she has established either of these elements essential to her case. The evidence establishes that petitioner spent between six and eight hours per day at the school, as compared to one or two hours per day working at home in the room. It was at the school that petitioner had her contacts with the students, their parents, and members of the school staff, as well as where she performed the many other duties normally required of a school principal. At home, she only did paperwork and some reading. It is clear that the focal point of petitioner's employment was at the school and not in her residence. The school, then, must be found to be her principal place of business. [2]
*736 Turning to the question of whether petitioner's use of the room was for the convenience of her employer, the evidence establishes that the school system did not require that she maintain an office in her home, or that she do any work at home. For aught that appears in this record, petitioner could have remained longer at the school to do her paperwork and her reading. The most that can be said of petitioner's use of the room is that it was appropriate and helpful to her in the performance of her duties, but that no longer is sufficient to qualify for the deduction. It cannot be said that such use was for the convenience of petitioner's employer. Petitioner urges that the instructions that were sent to taxpayers with the 1978 Form 1040 were not clear as to what were the requirements for allowable deductions for expenses of an office in the residence. Those instructions did not mention specifically the requirement that the home office be the taxpayers' principal place of business. However, the instructions did state, "Publication 587, Business Use of Your Home, will give you detailed information." Publication 587, as well as publication 17, Your Federal Income Tax, 1979 Edition, *737 did make mention of the principal-place-of-business requirement. What this Court said in Zimmermen v. Commissioner, 71 T.C. 367, 371 (1978), affd. 614 F.2d 1294 (2d Cir. 1979), bears repeating here: Petitioners have, on brief, engaged in an extensive semantical exercise based upon their analysis of certain statements contained in respondent's publication "Your Federal Income Tax." We find this analysis not only unpersuasive but beside the point, since the authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions and not in such informal publications. Adler v. Commissioner, 330 F.2d 91, 93 (9th Cir. 1964); Green v. Commissioner, 59 T.C. 456, 458 (1972); Aldridge v. Commissioner, 51 T.C. 475, 482 (1968). Petitioner also urges that since she was allowed home office deductions for the years 1971-1976, she should be allowed the deduction here in dispute for 1978. It must be pointed out that the requirements were changed by Congress for years after 1975, by the addition of section 280A to the Code, as mentioned above. For 1975 and prior years it was sufficient *738 if the office in the home was appropriate and helpful in the conduct of a taxpayer's trade or business. If that standard still applied, petitioner might well prevail in this case. But that standard is no longer applicable, it having been replaced by the requirements set forth in section 280A, set out above. The fact that petitioner's deduction may have been allowed for 1976 in no way estops the respondent from denying the deduction for 1978. Such an allowance would have been a mistake of law, and "the doctrine of equitable estoppel does not bar respondent from correcting a mistake of law. Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957)." Zuanich v. Commissioner, 77 T.C. 428, 432 (1981). Respondent is sustained in his disallowance of the deduction here involved. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. See and compare Cousino v. Commissioner, T.C. Memo. 1981-19, and Kastin v. Commissioner, T.C. Memo. 1980-341, involving teachers who maintained offices in their residences, as did petitioner, but whose principal places of business were nevertheless held to be at the schools where they taught.
[2] Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.