MICHAEL A. McGUIRE AND JANIT M. McGUIRE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGuire v. Commissioner
Docket No. 20581-81.
United States Tax Court
T.C. Memo 1983-261; 1983 Tax Ct. Memo LEXIS 525; 46 T.C.M. (CCH) 116; T.C.M. (RIA) 83261; May 12, 1983. Michael A. McGuire, pro se. Michael C. Cohen, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code, [1] and Rules 180 and 181. *527 [2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $1,849.75. The sole issue for decision is whether 1978 or 1979 is the proper year for the recapture of a credit for the purchase of a new principal residence claimed on petitioners' 1975 return. Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. For ease of presentation, the findings of fact and opinion have been combined. Petitioners, husband and wife, resided in South Gate, California, when their petition in this case was *528 filed. Their joint Federal income tax return for 1979 was filed with the Internal Revenue Service Center, Fresno, California. On November 10, 1975, petitioners purchased a new principal residence in Cerritos, California. Pursuant to section 44, petitioners properly claimed a new principal residence credit on their 1975 return in the amount of $1,849.75. On April 23, 1977, petitioners purchased a residence located in South Gate, California. This residence was not a "new principal residence" within the meaning of section 44(c)(1). Petitioners sold their Cerritos residence on March 21, 1978. In reporting the sale on their 1978 Federal return, petitioners deferred the portion of their gain that was reinvested in the South Gate residence. [3]
The parties agree that petitioners must recapture the new principal residence credit which had been claimed on their 1975 return. Section 44(d). Respondent determined that petitioners were required to recapture the credit in 1979. Petitioners contend that the proper year was 1978. Section 44(d) provides in pertinent part as follows: *529 [4]
(d) RECAPTURE FOR CERTAIN DISPOSITIONS.-- (1) IN GENERAL.--Except as provided in paragraphs (2) and (3), if the taxpayer disposes of property with respect to the purchase of which a credit was allowed under subsection (a) at any time within 36 months after the date on which he acquired it (or, in the case of construction by the taxpayer, on the day on which he first occupied it) as his principal residence, then the tax imposed under this chapter for the taxable year in which terminates the replacement period under paragraph (2) with respect to the disposition is increased by an amount equal to the amount allowed as a credit for the purchase of such property. (2) ACQUISITION OF NEW RESIDENCE.--If, in connection with a disposition described in paragraph (1) and within the applicable period prescribed in section 1034, the taxpayer purchases or constructs a new principal residence, then the provisions of paragraph (1) shall not apply * * * During the taxable year in question, the applicable period prescribed in section 1034 was 18 months. Section 1034(a). Petitioners argue that the *530 replacement period "terminated" on March 21, 1978, the day they sold their Cerritos residence. Their contention is that since they had already purchased the South Gate residence prior to that date, there was no reason for the replacement period to continue. Accordingly, they believe that the credit should be recaptured in 1978. Petitioners' argument is without merit. By adopting the period set forth in section 1034 as the replacement period for section 44(d), Congress was providing taxpayers with a time frame within which a "new principal residence" could be purchased. In other words, under section 44(d), recapture could be avoided if the taxpayer acquired a new principal residence within 18 months of the date of disposition of the original qualifying property. The fact that petitioners may have purchased a nonqualifying residence would be immaterial if a second "new principal residence" was acquired within the replacement period. Luther v. Commissioner,T.C. Memo. 1982-244. By use of the replacement period, Congress recognized that new qualifying property may not always be available immediately after the disposition of the original qualifying property. *531 Petitioners vacated their Cerritos residence on April 23, 1977, and moved into the South Gate residence on that date. Petitioners alternatively contend that the 18 month replacement period began running on April 23, 1977. Thus, they argue that the replacement period terminated in October 1978. We do not agree. In order to start the running of the 18 month period, there must be a disposition of the property with respect to which the section 44 credit was allowed. Section 44(d)(1). Petitioners contend that vacating and renting the Cerritos residence was in effect a disposition under the statute. The record is replete with evidence that petitioners were attempting to sell the Cerritos property after they moved out. We reject petitioner-husband's unsupported assertion that the Cerritos property was rented prior to its sale in 1978. No rental income is shown on the 1978 return filed by petitioners under penalties of perjury. Moreover, petitioner-husband testified that the 1978 return was correct in every respect. Accordingly, we will treat the Cerritos property as vacant until it was sold. The term "disposition" is not defined within section 44. Guidance to the term's *532 meaning is, however, found in the regulations to that section. Section 1.44-4(a)(3), Income Tax Regs., provides in pertinent part that "* * * section 44(d) applies to all dispositions of property, including sales (including foreclosure sales), exchanges (including tax-free exchanges such as those under sections 351, 721, and 1031), and gifts." Merely vacating a principal residence in anticipation of its subsequent sale is not such a disposition. [5] We believe that the regulation quoted above is a proper interpretation of Congressional intent. Had a definition of the term disposition other than its ordinary meaning been intended, Congress would have so provided. The 18 month replacement period commenced running on March 21, 1978, the date the Cerritos residence was sold. Accordingly, recapture of the section 44 credit was proper in 1979 when the 18 month replacement period terminated. See Lonergan v. Commissioner,T.C. Memo. 1982-346. *533 Petitioners claim they were misled by instructions on the Internal Revenue Service form. Even if petitioners were misled by such instructions, the result is not changed. We must apply the law as enacted by Congress. Our decision must be based upon the statute and the authoritative regulations, and not upon the informal publications of the Internal Revenue Service. Dixon v. United States,381 U.S. 68, 73 (1965); Adler v. Commissioner,330 F.2d 91, 93 (9th Cir. 1964), affg. T.C. Memo. 1963-196. For the reasons set forth above, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect during the taxable year in issue, unless otherwise indicated. All references to Rules are to the Tax Court Rules of Practice and Procedure. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, the post-trial procedures set forth in that rule are not applicable in this case.↩
3. Petitioners deferred $15,295.00 of the $18,131.00 gain on the sale of the Cerritos residence.↩
4. No claim was made by petitioners that the provisions of section 44(d)(3) apply.↩
5. In fact, the property may not even lose its status as the taxpayer's principal place of residence for purposes of section 1034. See Aagaard v. Commissioner,56 T.C. 191, 202-204↩ (1971). Petitioners obviously agree since on their 1978 return they deferred a portion of the gain on the sale of the Cerritos residence under section 1034. This is the proverbial case where the petitioners want to have their cake and eat it too.