875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Milton H. JUISTER, and E. Ann Juister, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-1104.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before ENGEL, Chief Circuit Judge, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners-Appellants, Milton H. and E. Ann Juister (Juisters), have appealed the decision of the United States Tax Court affirming an assessment of the Respondent-Appellee, Commissioner of Internal Revenue (Commissioner) for a federal income tax deficiency for the year 1982 in the amount of $2,625, which resulted from the appellants' failure to report a $5,999.18 prepayment reduction of the outstanding balance due on their residential mortgage.
 
 
 2
 Initially, appellants' argument that the Commissioner is estopped from imposing the 1982 deficiency assessment because the Internal Revenue Service incorporated inaccurate, incomplete, and misleading information and directions into its official publication styled "Instructions for Preparing Form 1040," which included a section "Examples of Income Tax You Must Report" upon which they relied as a guide for preparing their 1982 income tax return is misplaced and not supported by existing legal precedent.
 
 
 3
 The consensus addressing appellants' assignment of error is articulated in Gehl Co. v. C.I.R., 795 F.2d 1324, 1333 (7th Cir.1986):
 
 
 4
 [A]s a general rule, informal Treasury publications and pamphlets such as the Handbook do not bind the government. They are simply guides, and a taxpayer who relies on them generally does so at his own peril.
 
 
 5
 In Adler v. C.I.R., 330 F.2d 91, 93 (7th Cir.1964)
 
 
 6
 Petitioner alleges (1) he was misled by the language used in the government's pamphlet: "Your Federal Income Tax For Individuals" (1958, 1959 and 1960)
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 None of these defenses has merit.... Nor can any interpretation by taxpayers of the language used in government pamphlets act as an estoppel against the government, nor change the meaning of taxing statutes....
 
 
 10
 See also Carpenter v. United States, 495 F.2d 175, 184 (5th Cir.1974); Caterpillar Tractor Co. v. United States, 589 F.2d 1040, 1043 (Ct.Cl.1978).
 
 
 11
 Accordingly, upon a review of the appellants' assignments of error, the record in its entirety, the briefs of the parties, and the oral arguments, this court concludes that the decision of the United States Tax Court accurately reflects the prevailing legal pronouncement resolving the issues of this action and it is AFFIRMED.