MARY JO WAGNER AND JACOB BRANT WAGNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wagner v. Commissioner
Docket No. 24763-85.
United States Tax Court
T.C. Memo 1987-179; 1987 Tax Ct. Memo LEXIS 174; 53 T.C.M. (CCH) 510; T.C.M. (RIA) 87179; April 1, 1987. Mary Jo Wagner and Jacob Brant Wagner, pro se. Mark I. Siegel, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a deficiency in petitioners' 1981 Federal income tax in the amount of $2,639.08. The sole adjustment giving rise to the income tax deficiency, and the *175 only issue in this case, concerns whether petitioners are entitled to a residential energy tax credit with respect to a geothermal energy device for the 1981 taxable year. Some of the facts have been stipulated and are incorporated herein by this reference. Petitioners, Jacob Brant Wagner and Mary Jo Wagner, resided in Findlay, Ohio, at the time they filed the petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1981 with the Cincinnati Internal Revenue Service Center, Covington, Kentucky, and claimed thereon a $2,639.08 residential energy credit based upon the use of a geothermal source. That credit was in connection with a Thermal Energy Transfer Corporation pond-water-sourced domestic water heater that became operational during petitioners' 1981 taxable year. Pond water, ranging in temperature from 11 to 30 degrees Celsius, was used in the hot water heater which was the subject of petitioners claimed geothermal energy credit. Petitioners had investigated the use of a geothermal water heater during the spring of 1980 and they contacted the Internal Revenue Service with respect to the requirements for obtaining the credit pursuant to *176 section 44C, [1] which was enacted by the 96th Congress and permitted a credit for individuals qualifying subsequent to April 20, 1977, and prior to December 31, 1985. Instructions issued by Internal Revenue Service did not include reference to a minimum degree of source temperature at the time petitioner purchased his geothermal energy device or when the return was filed claiming the credit. On May 23, 1979, proposed regulations were published in the Federal Register (44 Fed. Reg. 29924 (1979)). Section 1.44C-2(h) of these proposed regulations defined geothermal energy property as using heat from an underground source having a temperature exceeding 60 degrees Celsius. The final regulation was promulgated on November 29, 1980, and was the same as the May 23, 1979, proposed regulation with the exception that the geothermal liquid or vapor was to have a temperature exceeding 50 degrees Celsius at the well-head. Petitioners filed their 1981 Federal income tax return during February 1982 but were not aware of the 60 *177 or 50-degree Celsius requirements set forth in the proposed or final regulations. Petitioners provided copies of the forms published by the Internal Revenue Service for the 1982 and 1983 taxable years which contain instructions with respect to claiming the energy credit (Form 5695). Neither of these forms contained a reference to the 50 or 60-degree Celsius requirement. Likewise, petitioners pointed out that the Form 5695 provided by the Internal Revenue Service for their 1981 taxable year did not include reference to the 50 or 60-degree Celsius requirement. Petitioners first learned of the 50-degree Celsius requirement during the year 1984 when respondent commenced an audit of their 1981 taxable year. Petitioners raise three major arguments or issues in connection with respondent's determination: (1) Whether the application of section 1.44C-2(h), Income Tax Regs., is retroactive and/or arbitrary with regard to petitioners; (2) whether section 1.44C-2(h), Income Tax Regs., is contrary to the intent of Congress enacting section 44C; (3) whether the implementation of section 44C by means of section 1.44C-2(h), Income Tax Regs., is unconstitutional because it does not permit equal *178 geographic privilege or opportunity to federally subsidized use of alternative energy sources. These issues have essentially and substantially been addressed in a recent opinion of this Court. Peach v. Commissioner,84 T.C. 1312 (1985), affd. without published opinion 805 F.2d 393 (4th Cir. 1986). The facts presented [2] in the Peach case are nearly identical to those of this case. Mr. Peach, in the spring of 1980, considered the installation of a water sourced heat pump to heat and cool his residence (as opposed to this case where petitioners sought to heat tap water). The temperature of the water used in Mr. Peach's system ranged from 15.56 degrees to 18.33 degrees Celsius. When Mr. Peach purchased his heat pump he was advised that he would be entitled to an energy tax credit. Upon inquiry by Mr. Peach, Internal Revenue Service personnel advised and Publication 903 included the statement that no performance and quality standards had been issued. [3]
*179 We have decided that under section 7805(b) the Secretary or his delegate did not erroneously apply section 1.44C-2(h) of the regulation in a retroactive manner. Peach v. Commissioner,supra at 1317-1318. Furthermore, petitioners in this case purchased the energy device subsequent to the publication of the final regulations.[4]
We also found that the 50-degree Celsius requirement is not an unreasonable interpretation of the statute because Congress defined the source or "geothermal deposit" as consisting of natural heat which is stored in rocks or in aqueous *180 liquid or vapor. Sec. 613(e)(3); Peach v. Commissioner,supra at 1317. Petitioners use ground water which does not exceed 30 degrees Celsius which is less than 90 degrees Fahrenheit. Petitioners have also argued that section 1.44C-2(h) of the regulation is unconstitutional because it geographically discriminates against taxpayers. Petitioners assert that the 50-degree Celsius threshold confines the potential for energy credits to taxpayers in a limited geographical area which excludes the eastern half of the United States, including Ohio. Assuming arguendo that petitioners' hypothesis is correct, we understand petitioners' constitutional claim to be one of equal protection attributable to unequal or differential treatment of taxpayers. Under petitioners' hypothesis and our holding in Peach v. Commissioner,supra, the statute would be discriminatory as to which taxpayers are entitled to energy credits. Accordingly, we must consider whether this form of discrimination abridges any of petitioners' constitutional rights. Congress is the designer of how the incidence of our taxing system should be imposed upon the people. "Equal protection *181 questions" may arise in tax cases where a taxpayer believes that the incidence or imposition of the tax inhibits or denies constitutional rights or privileges. See for example Regan v. Taxation with Representation,461 U.S. 540, 546 (1983). Taxpayers do not have a constitutional right to tax credits and congressional limitation (or discrimination) of entitlement to credits does not, per se, violate petitioners' rights or privileges. Petitioners are not prohibited from acquiring energy saving devices, but Congress has chosen not to subsidize situations such as petitioners'. [5] Accordingly, we hold that section 1.44C-2(h) of the regulation is constitutional. *182 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. The facts in Peach v. Commissioner,84 T.C. 1312 (1985), affd. without published opinion 805 F.2d 393↩ (4th Cir. 1985), were agreed to by the parties and the matter was considered pursuant to respondent's motion for summary judgment. 3. Mr. Peach's case involves the 1980 taxable year and presents a better factual situation than petitioners because Mr. Peach actually purchased and was advised about the lack of standards prior to the issuance of the Nov. 29, 1980, final regulations establishing the 50-degree Celsius threshold for entitlement to the energy tax credit. Mr. Peach, however, like petitioners, filed his Federal income tax return subsequent to the publication of the final regulations. Even if petitioners were reasonable in their interpretation of Government advice and publications or the absence thereof, it does not act as an estoppel against the Government. Adler v. Commissioner,330 F.2d 91, 93↩ (9th Cir. 1964), affg. a Memorandum Opinion of this Court.
4. This is not a situation where petitioners are claiming reliance on the Internal Revenue Service's stated position. Instead petitioners, in essence, argue that the Internal Revenue Service's failure to include the 50-degree Celsius requirement in Publication 17 or the instructions accompanying Form 5695 provides a basis for allowance of a credit. Although we are sympathetic with petitioners' predicament, we are not able to agree with petitioners' argument particularly because of the outstanding final regulation which had been published prior to their purchase and reporting of the energy device.↩
5. Petitioners argue that several members of Congress disagree with the statute or regulations for the same reasons as petitioners have advanced in this case. Petitioners have provided references to the difference of opinion by House members and Senators. Furthermore, petitioners provided reference to proposed bills offered in the Senate and House of Representatives that would modify sec. 44C to permit petitioners and other similiarly situated taxpayers to receive energy tax credits, but the proposed legislation has not been enacted. See H.R. 2927, 98th Cong., 1st Sess. 3 (1983); S. 1237, 98th Cong., 1st Sess. 5 (1983). Petitioner also presented evidence that their use of the pond-water-sourced domestic water heater did reduce their energy consumption, which clearly was one of the major motivations for enactment of sec. 44C. It is also clear that petitioners were genuinely interested in the public good and but for the energy credit will not be able to recover the extra cost of the special equipment from the direct energy savings. Unfortunately, sec. 44C limits the credit to a type of usage other than petitioners'.↩