DANIEL J. and LORRAINE A. GURTA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gurta v. Commissioner
Docket No. 40357-84.
United States Tax Court
T.C. Memo 1987-194; 1987 Tax Ct. Memo LEXIS 192; 53 T.C.M. (CCH) 596; T.C.M. (RIA) 87194; April 13, 1987. Daniel J. Gurta and Lorraine A. Gurta, pro sese. Karen J. Goheen, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1981 in the amount of $854.37. The sole issue for decision is whether petitioners are entitled to a residential energy credit under section 44C(a)(2). [1]
This case was submitted fully stipulated under Rule 122. The stipulation of facts and stipulated exhibits are incorporated herein by this reference. Petitioners, Daniel J. Gurta and Lorraine A. Gurta, husband *193 and wife, resided in Flat Rock, Michigan, at the time they filed their petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1981 with the Internal Revenue Service Center in Cincinnati, Ohio. During 1981, petitioners installed a "Geothermal Cooling Coil" in their residence. The geothermal cooling coil operates by circulating cold well water through a large finned coil. Warm air passing across the fins is cooled as it transfers its heat to the colder water. The geothermal cooling coil is ideal for use where the water temperature is 55 degrees Fahrenheit (12.76 degrees Celsius) or lower. The geothermal cooling coil uses underground water as an energy source. The well supplying the water is 65 feet deep and the water has a temperature less than 50 degrees Celsius as measured at the wellhead. On their joint Federal income tax return for the taxable year 1981, petitioners claimed a residential energy credit of $854.37. The Commissioner, in his statutory notice of deficiency, disallowed the claimed credit because the geothermal cooling coil did not use or transmit energy derived from a geothermal deposit. Section 44C(a)(2) [2] generally *194 provides that an individual taxpayer shall be allowed a credit for qualified renewable energy source expenditures. A renewable energy source expenditure must be made with respect to renewable energy source property. Sec. 44C(c)(2)(A). Renewable energy source property includes property which, when installed in connection with a dwelling, transmits or uses energy derived from geothermal deposits to heat, cool or provide hot water or electricity for use in the dwelling. Sec. 44C(c)(5). [3]
The Secretary of the Treasury is specifically authorized by the statute to issue regulations which establish criteria to be used in prescribing performance and quality standards for renewable energy source property. Sec. 44C(c)(6)(A)(i). Pursuant to this authority, *195 regulations were promulgated which define geothermal energy property to include: equipment * * * necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. * * * A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead * * *. [Sec. 1.44C-2(h), Income Tax Regs.] The Supplementary Information relating to the regulations explained that the temperature limitation was included in the regulations as: It has been concluded that 50 degrees Celsius is an appropriate measure for determining whether heat is derived from geothermal reservoirs (heated by the earth's magma) or is derived from heat associated with ground water that is affected by atmospheric temperatures. [T.D. 7717, 1980-2 C.B. 7, 9.] The parties have stipulated that petitioners' geothermal cooling coil utilized water with a temperature less than 50 degrees Celsius as measured at the wellhead. It is evident *196 therefore that the geothermal cooling coil does not qualify as geothermal energy property under the regulations. Petitioners present several arguments why the temperature limitation in the regulations is unreasonable and does not reflect the intent of Congress. Petitioners contend that the temperature requirement is meaningless by itself as it does not consider the recovery rate of the energy source. Petitioners also contend that it does not make sense to use a high temperature earth deposit to run an impractical heat absorption engine to provide a low temperature medium when this low temperature medium (ground water) already exists. Petitioners also contend that section 44C refers to renewable energy and maintain that low temperature ground water used in their system is totally renewable and exists in an inexhaustible supply whereas there is a limited availability of high temperature earth energy sources. Petitioners also contend that section 44C provides for the use of geothermal energy to cool a dwelling and the temperature requirement frustrates this provision. This Court has previously examined and upheld the validity of section 1.44C-2(h), Income Tax Regs.Peach v. Commissioner,84 T.C. 1312, 1317 (1985), *197 affd. without published opinion 805 F.2d 393 (4th Cir. 1986). In Peach v. Commissioner,supra, we explained that this regulation was promulgated pursuant to specific legislative authority and because it is legislative in nature, it should be sustained unless clearly inconsistent with the statute. The Court held that the minimum temperature requirement of 50 degrees Celsius for a geothermal deposit was a reasonable interpretation of Congressional intent in enacting section 44C. Peach v. Commissioner,supra at 1317. [4]
Furthermore, the regulations are *198 designed not to implement the theoretically correct scientific answer, but to apply the statute to effect the intent of Congress in a reasonable manner. [5]
Petitioners also contend that the practicality of their system has been recognized by authorities. However, the fact that the system may be energy efficient is irrelevant to a determination of whether such property qualifies for the residential energy credit under section 44C(a)(2). See Reddy v. Commissioner,T.C. Memo. 1984-395, affd. per order (4th Cir., Aug. 29, 1985). Although petitioners' attempt to conserve energy is commendable, we conclude that the geothermal cooling coil does not qualify for the residential energy credit provided by section 44C. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. Sec. 44C was redesignated as sec. 23 by sec. 471(c)(1) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 826, for taxable years beginning after December 31, 1983. ↩
3. The original use of the property must commence with the taxpayer, the property must reasonably be expected to remain in operation for 5 years, and the property must meet performance and quality standards prescribed by the Secretary. Sec. 44C(c)(5).↩
4. See also Wagner v. Commissioner,T.C. Memo. 1987-179; Sundermeier v. Commissioner,T.C. Memo. 1987-50; Caldwell v. Commissioner,T.C. Memo. 1986-301; Laxson v. Commissioner,T.C. Memo. 1986-291; Burk v. Commissioner,T.C. Memo. 1986-233; Hickey v. Commissioner,T.C. Memo. 1986-186; Chiple v. Commissioner,T.C. Memo. 1986-114; Bayless v. Commissioner,T.C. Memo. 1986-113; and Zaccaro v. Commissioner,T.C. Memo. 1986-82↩.
5. See Bayless v. Commissioner,supra.↩