WILLIAM N. CRAWFORD, JR. AND BARBARA W. CRAWFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BRICE DEARMOND NEWELL AND JUDITH MARTIN NEWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crawford v. Commissioner
Docket Nos. 13015-84, 3849-85.
United States Tax Court
T.C. Memo 1987-255; 1987 Tax Ct. Memo LEXIS 256; 53 T.C.M. (CCH) 860; T.C.M. (RIA) 87255; May 19, 1987. William N. Crawford, for the petitioners in docket No. 13015-84. Judith Martin Newell, for the petitioners in docket No. 3849-85. Deborah L. Hildebran, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: In these consolidated cases [1] respondent determined deficiencies as follows: PETITIONERS
YEAR
DEFICIENCY
William N. Crawford, Jr.
and Barbara W. Crawford
1980
$2,303.00
Docket No. 13015-84
Brice Dearmond Newell
and Judith Martin Newell
1981
$1,616.00
Docket No. 3849-85
*257 After the cases were at issue, respondent filed a motion for summary judgment in each case, and arguments thereon were heard at a trial session of the Court in Greensboro, N.C., on February 2, 1987. At the time of filing their respective petitions herein, Mr. and Mrs. Crawford were residents of Cornelius, N.C., and Mr. and Mrs. Newell were residents of Matthews, N.C.
Rule 121[2] provides in pertinent part: (a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. * * * (b) Motion and Proceedings Thereon: The motion shall be filed and served in accordance with the requirements otherwise applicable * * * An opposing written response, with or without supporting affidavits, shall be filed within such period as the Court may direct. A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that *258 a decision may be rendered as a matter of law. Respondent, the party moving for summary judgment in these cases, has the burden of demonstrating that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land and Development v. Commissioner,71 T.C. 587, 596 (1979). The facts relied upon by respondent must be viewed in the light most favorable to petitioners so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. Adickes v. Kress & Co.,supra;United States v. Diebold, Inc.,369 U.S. 654, 655 (1962). Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present so that the remedy can serve "its salutory purpose in avoiding a useless, expensive and time consuming trial where *259 there is no genuine, material fact issue to be tried." Lyons v. Board of Education of Charleston,523 F.2d 340, 347 (9th Cir. 1975). Finally, petitioners, as the parties opposing summary judgment, may not simply rest upon the mere allegations or denials of their pleading; their response, by affidavit or otherwise, must set forth more specific facts showing there is a genuine issue for trial. Rule 121(d), Tax Court Rules of Practice and Procedure.
Upon examination of the pleadings, respondent's motion for summary judgment and attachments thereto, petitioners' response [3] and the respective statements of the parties at the hearing herein, the Court concludes that there are no remaining material issues of fact in these cases, and that a decision may be rendered as a matter of law. The undisputed facts established in this record are as follows: In the year 1980, Mr. and Mrs. Crawford purchased and installed a heat pump for the heating and cooling of their residence. The system uses water from certain wells located on petitioners' property. *260 Based upon their expenditures for this equipment, petitioners in their joint 1980 income tax return claimed a credit against their income tax in the amount of $2,303 for the use of a renewable energy source item within the meaning of section 44C (now section 23). Likewise, Mr. and Mrs. Newell in 1981 installed the same type of heat pump in their residence for heating and cooling purposes, using a well on their property, and claimed a residential energy credit in their 1981 joint return in the amount of $1,616. In neither case, however, did the natural water deposits on the petitioners' respective premises supply water to the heat pump system having a temperature in excess of 50 degrees Celsius, or 122 degrees Fahrenheit. Upon audit, respondent in each case disallowed the claimed energy credit on the grounds that the water deposits involved did not meet the requirements of respondent's regulations under section 44C. As in effect in the years 1980 and 1981, section 44C provided for a credit to be allowed to individuals for qualified expenditures in those years for property which, when installed in connection with a dwelling, transmits or uses geothermal deposits as defined in *261 section 613(e)(3) for the purpose of heating or cooling such dwelling or providing hot water or electricity for use with such dwelling. Secs. 44C(c)(5) and (6). With respect to the type of property here in issue, respondent promulgated final regulations on November 29, 1980, and section 1.44C-2(h) of such regulation reads as follows: (h) Geothermal energy property. The term "geothermal energy property" includes equipment (and parts solely related to the functioning of such equipment) necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. Equipment such as a pipe that serves both a geothermal function (by transmitting hot geothermal water within a dwelling) and a non-geothermal function (by transmitting hot water from a water heater within a dwelling) does not qualify as geothermal property. A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead or, in the case of a natural hot *262 spring (where no well is drilled), at the intake to the distribution system. Such final regulation was identical to respondent's proposed regulation as published in the Federal Register on May 23, 1979, 44 Fed. Reg. 29924 (1979), except that the proposed minimum requirement of 60 degrees Celsius for a geothermal deposit was lowered in the final regulation to a minimum heat of 50 degrees Celsius. The Crawford petitioners, in their petition and argument on the motion, complain that respondent's "rules" were not changed until after their geothermal heating system was installed in 1980 -- in other words, that respondent's regulation was being improperly and retroactively applied to them. This argument, however, has been previously decided adversely to them in Peach v. Commissioner,84 T.C. 1312 (1985), affd. without published opinion 805 F.2d 393 (4th Cir. 1986). In that case, the taxpayers, like petitioners here, installed their heat pump, using well water, in 1980 and claimed a residential energy credit in respect thereof. We held that the taxpayers were on notice as of 1979 that a minimum temperature requirement of 60 degrees Celsius *263 was contemplated, and that the final regulation, imposing a lower requirement, was validly applicable to them. So far as the Newells were concerned, whose heat pump installation was not completed until 1981, the above would be even more true. In addition to making much the same argument as the Crawfords, the Newells additionally complain that they relied upon the November 1981 revision of respondent's Publication 17 which states, inter alia, "However, the property does not have to meet the standards if you buy it before the standards are published." Here again, the argument must fail. In addition to the fact that the requirement of a 50 degree Celsius minimum for water heat was published in respondent's final regulation in 1980, as we have noted above, we answered the same argument in Peach v. Commissioner,supra, holding that the reference in the above publication to "standards" did not refer to the minimum heat required in a geothermal deposit, but rather referred to the minimum standard for the equipment which was to be used in connection with such deposit. [4]
*264 We have considered other and secondary arguments advanced by petitioners herein, such as the alleged unreasonableness of respondent's requirements, and the generally accepted efficiency of their heat pump systems as energy-saving equipment. These arguments have previously been resolved adversely to petitioners' contentions in other cases, and we likewise find them unpersuasive here. See and compare Reddy v. Commissioner,T.C. Memo. 1984-395, affd. without published opinion (4th Cir., Aug. 29, 1985); Gurta v. Commissioner,T.C. Memo. 1987-194; Wagner v. Commissioner,T.C. Memo. 1987-179; Sundermeier v. Commissioner,T.C. Memo. 1987-50; Laxson v. Commissioner,T.C. Memo. 1986-291. We accordingly conclude that respondent must prevail in both these cases as a matter of law, and that his motions for summary judgment should be granted. Decisions will be entered for respondent.
Footnotes
1. By Order of the Court, the cases were consolidated for hearing and opinion.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
3. A response was filed by petitioners in docket No. 3849-85. No response was filed by petitioners in docket No. 13015-84.↩
4. We note that Peach v. Commissioner,84 T.C. 1312 (1985), affd. without published opinion 805 F.2d 393↩ (4th Cir. 1986), which we find controlling here, was affirmed by the United States Court of Appeals for the Fourth Circuit, the same court to which an appeal in the instant cases would lie.