WALTER RAYMOND JONES, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 5110-92
United States Tax Court
T.C. Memo 1993-358; 1993 Tax Ct. Memo LEXIS 369; 66 T.C.M. (CCH) 368; August 16, 1993, Filed *369 Decision will be entered for respondent. Walter Raymond Jones, Jr., pro se. For respondent: Catherine Caballero. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180, 181, and 182. [2]
Respondent determined deficiencies in petitioner's Federal *370 income tax for the taxable years 1987, 1988, and 1989 in the amounts of $ 383, $ 535 and $ 289, respectively. In a supplemental stipulation of facts, respondent concedes that there is no deficiency due from petitioner for the taxable year 1989. The issue for decision is whether petitioner must include as "earned income" basic allowances for subsistence and quarters (hereinafter allowances for meals and housing) received from the military in calculating the earned income credit (EIC) pursuant to section 32. FINDINGS OF FACT This case was submitted fully stipulated pursuant to Rule 122(a). Subsequent to trial and after a conference call with the parties, a supplemental stipulation of facts was filed. All stipulated facts are found accordingly. The exhibits attached to the stipulations are incorporated by reference. Petitioner resided in Klamath Falls, Oregon, when he filed the petition herein. For the taxable years 1987 and 1988, petitioner filed Federal income tax returns as head of household. He reported on these returns wages, earned while serving on active duty with the United States Air Force (hereinafter the military), in the amounts of $ 11,591.74 and $ 12,477.60, respectively. *371 In addition to wages, the military provided petitioner with allowances for meals and housing for the years in issue. On his 1987 and 1988 tax returns, petitioner reported an EIC in the amounts of $ 384 and $ 609, respectively. The EIC, in conjunction with withholding of taxes, resulted in a refund being issued to petitioner for each of the years in issue. In computing the EIC, petitioner included the wages received as "earned income", but did not include as "earned income" the allowances he received for meals and housing. Respondent, in the notice of deficiency, determined that petitioner incorrectly calculated the EIC by failing to include as "earned income" the allowances he received. According to respondent, if such amounts are included, petitioner will not qualify for an EIC in any of the years in issue. Petitioner argues that he should not be liable for the deficiencies for the taxable years 1987 and 1988 because the information available to the public did not indicate that such nontaxable meals and housing allowances were included as "earned income" for purposes of computing the allowable EIC for those years. In particular, petitioner refers to the instructions accompanying *372 the Internal Revenue Service's Form 1040 for the 1987 and 1988 taxable years. [3] Petitioner also claims that his military tax adviser informed him that "my military (Veterans) benefits were not subject to EIC." The parties stipulated that if the Court finds, as a matter of law, that the allowances for meals and housing petitioner received must be included in his "earned income" for purposes of the EIC, then the deficiencies for the taxable years 1987 and 1988 are correct as determined in the notice of deficiency. OPINION It is well settled that the authoritative sources of Federal tax law are the statutes, regulations, and judicial decisions. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978) *373 (citing Adler v. Commissioner, 330 F.2d 91, 93 (9th Cir. 1964), affg. T.C. Memo. 1963-196; Green v. Commissioner, 59 T.C. 456, 458 (1972); Aldridge v. Commissioner, 51 T.C. 475, 482 (1968)), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979). Petitioner cannot support his position by relying on the information (or lack thereof) provided in respondent's informal publications. Zimmerman v. Commissioner, supra at 371; Green v. Commissioner, supra at 458. In any event, the instructions for the Form 1040 indicated that allowances of the kind petitioner received were to be included as "earned income". Petitioner also cannot salvage his position by relying upon the advice provided by the military tax adviser. Section 32 provides that certain eligible individuals shall be allowed an EIC. The credit is calculated based upon a percentage of an individual's "earned income" for the taxable year. Sec. 32(b)(1)(A). Pursuant to section 32, "earned income" includes *374 "wages, salaries, tips and other employee compensation". Sec. 32(c)(2)(A)(i). [4]
Section 1.32-2(c)(2), Income Tax Regs., provides: Earned income includes compensation excluded from gross income, such as disability income excluded under section 105(d), the rental value of a parsonage exclude under section 107, and the value of meals and lodging furnished for the *375 convenience of the employer excluded under section 119. * * * Earned income does not include amounts received as a pension, an annuity, unemployment compensation, or an amount to which section 871(a) and the regulations thereunder apply.
The language of the statute, particularly section 32(c)(2)(A)(i), is very broad so as to include all types of employee compensation as constituting "earned income". This is contrasted with the specificity with which the statute and regulations identify certain items which do not constitute "earned income". See sec. 32(c)(2)(B); sec. 1.32-2(c)(2), Income Tax Regs. Neither the statute nor the regulations provide for an exclusion from "earned income" for allowances received for meals and housing from the military. To the contrary, the regulations provide that "earned income" includes compensation that would not be taxed as gross income, such as meals and lodging furnished for the convenience of the employer. Petitioner has not questioned the validity of the regulations. Given the language in the statute and corresponding regulations, petitioner is not entitled to exclude such allowances from "earned income". Respondent's determination is, *376 accordingly, sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner originally elected to have this case proceed as a small tax case pursuant to sec. 7463. Petitioner subsequently filed a timely motion to have this case removed from the small tax case category, which was granted by the Court. After submission of this case, petitioner, in the response to respondent's memorandum of points and authorities, requests that the proceeding be reinstated as a small tax case. We deny petitioner's request as untimely. Rule 172(b).↩
3. The instructions for Form 1040 for the 1987 and 1988 taxable years provide that "earned income" includes "anything else of value (money, goods, services) that you get from your employer for your services even if it is not taxable (such as housing allowance or rental value of parsonage for clergy members and meals and lodging for employees)".↩
4. Sec. 32(c)(2) provides: (2) Earned Income. -- (A) The term "earned income" means -- (i) wages, salaries, tips and other employee compensation, plus (ii) the amount of the taxpayer's net earnings from self-employment for the taxable year * * *. (B) For purposes of subparagraph (A) -- (i) the earned income of the individual shall be computed without regard to any community property laws, (ii) no amount received as a pension or annuity shall be taken into account, and (iii) no amount to which section 871(a)↩ applies (relating to income of nonresident alien individuals not connected with United States business) shall be taken into account.