Michael C. NEFF and Latisha
R. Neff, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 98–750 T.

United States Court of Federal Claims.

May 25, 1999.

Michael C. Neff and Latisha R. Neff, Lexington, Ky., pro se plaintiffs.

G. Robson Stewart, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett; Chief, Court of Federal Claims Section, Mildred L. Seidman; and Assistant Chief Steven I. Frahm, for defendant.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

Pro se plaintiffs Michael C. Neff and Latisha R. Neff claim entitlement to earned income credit (EIC) in the amount of $1,047 for the 1996 tax year. The government defends against plaintiffs' claim by arguing that military housing and subsistence allowances are included in the definition of "earned income" and, therefore, plaintiffs' earned income in 1996 was too high for them to qualify for an EIC. This case is before the court on cross-motions for summary judgment.

## BACKGROUND

The facts underlying this case are not in dispute. In 1996, plaintiffs were a married couple with two or more children. During the 1996 tax year, Michael Neff (Michael) was a member of the United States Air Force (USAF). Michael's 1996 Wage and Tax Statement (Form W–2) reported "Wages, tips, other compensation" in the amount of $19,426.64 and basic quarters and subsistence allowances of $6,790.22. Latisha Neff (Latisha) also earned income during 1996. On February 7, 1997, plaintiffs jointly filed a U.S. Individual Income Tax Return Form 1040 for the 1996 calendar year (February 7 return). They reported the following:

| | |
|---|---|
| + Wages, salaries, tips, etc. | $23,510 |
| + Unemployment compensation | $ 182 |
| = Total income | $23,692 |
| + Adjusted gross income | $23,692 |
| − Standard deduction | $ 6,700 |
| − Exemptions | $10,200 |
| = Taxable income | $ 6,792 |

From the tax table, plaintiffs computed their tax to be $1,016. After applying tax credits of $473 for child care expenses and $693 for taxes withheld, plaintiffs claimed a $150 tax refund. Plaintiffs did not claim an earned income credit in their February 7 return.

On August 19, 1997, plaintiffs filed an Amended U.S. Individual Income Tax Return Form 1040X (amended return) which claimed entitlement to a $1,047 earned income credit. The amended return computed the EIC based on the amount of plaintiffs' adjusted gross income, which did not include $6,790.22 received from the USAF in the form of military quarters and subsistence allowances. In a lengthy, hand-written letter of explanation attached to the amended return, plain-

tiffs argued that quarters and subsistence allowances should not be considered earned income.

The Internal Revenue Service (IRS) disallowed plaintiffs claim in a September 23, 1997 letter explaining that "[m]ilitary housing is not considered taxable income but must be used when you figure the earned income credit." The IRS reconsidered the claim, then denied it again on September 14, 1998. On September 28, 1998, plaintiffs filed their complaint in this court. The complaint reiterated the contentions made in the amended return. On December 21, 1998, plaintiffs filed a motion for summary judgment. The government responded with a cross-motion for summary judgment on January 25, 1999. Plaintiffs chose not to file a response.

## ANALYSIS

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* RCFC 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There are no issues of fact in this case, and the dispositive issue is one of pure law: whether military quarters and subsistence allowances are included or excluded from earned income for purposes of computing an individual's earned income credit. Therefore, the court finds that this case is appropriate for summary disposition.

Pursuant to section 32 of Title 26 of the United States Code, eligible individuals are entitled to a refundable tax credit based on their "earned income." As earned income increases, the amount of earned income credit increases, reaches a maximum amount, then phases out to zero. *See* 26 U.S.C. § 32(a) (Supp. II 1996). According to the 1996 Earned Income Credit Table, prepared pursuant to 26 U.S.C. § 32(f) (1994) and appearing in the 1996 Form 1040 Instructions booklet, individuals with two children and earned income equal to or greater than $28,495 are entitled to no EIC for the 1996 tax year.

If quarters and subsistence allowances are properly excluded from earned income, then plaintiffs' earned income falls within the eligible range, and plaintiffs would be entitled to an EIC and, consequently, to an additional tax refund. On the other hand, if quarters and subsistence allowances constitute earned income, then plaintiffs' earned income would exceed the $28,495 limit and plaintiffs were properly denied an additional tax refund.

"The term 'earned income' means—(i) wages, salaries, tips, and other employee compensation, plus (ii) the amount of the taxpayer's net earnings from self-employment." 26 U.S.C. § 32(c)(2)(A) (1994); *see also* 26 C.F.R. § 1.32–2(c)(2) (1996). Plaintiffs contend that quarters and subsistence allowances are not compensation. Congress has decided otherwise. The definitions section of Title 37 of the United States Code (Pay and Allowances of the Uniformed Services) states:

The term "regular compensation" or "regular military compensation (RMC)" means the total of the following elements that a member of a uniformed service accrues or receives, directly or indirectly, in cash or in kind every payday: basic pay, basic allowance for quarters (including any variable housing allowance or station housing allowance), basic allowance for subsistence; and Federal tax advantage accruing to the aforementioned allowances because they are not subject to Federal income tax.

37 U.S.C. § 101(25) (1994). This section demonstrates that Congress considered quarters and subsistence allowances part of the compensation for military service. Therefore, because "compensation" constitutes "earned income," 26 U.S.C. § 32(c)(2)(A)(i), the value of quarters and subsistence allowances must be included in earned income.

Legislative history firmly supports this interpretation. In 1994, Congress directed that members of the Armed Forces be given a written statement showing "such employee's earned income as determined for purposes of section 32 (relating to earned income credit)." Uruguay Round Agreements Act, Pub.L. No. 103–465 § 721, 108 Stat. 4809 (1994) (adding subparagraph 10 to 26 U.S.C. § 6051(a)). The corresponding Senate re-

port and the House of Representatives report explained the then proposed changes to section 32 in identical language:

By including on a W–2 the amount of nontaxable earned income paid during the year by the Department of Defense, the increased information reporting is intended to allow members of the Armed Forces claiming the EITC [earned income tax credit] to determine more accurately the actual amount of EITC to which they are entitled.

. . . .

The bill requires that members of the Armed Forces receive annual reports from the Department of Defense of earned income (which includes nontaxable earned income such as amounts received as basic allowances for housing and subsistence).

H.R.Rep. No. 103–826, pt. 1, at 180–81 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3773, 3952–53; S.Rep. No. 103–412, at 147 (1994) (repeating language of the House report verbatim). The parenthetical statement, which was included in both reports, unequivocally demonstrates that both houses of Congress intended earned income to include quarters and subsistence allowances.

The court notes that it is not alone in its interpretation of what constitutes "earned income" under section 32(c)(2). The Tax Court has also held that quarters and subsistence allowances are earned income:

The language of the statute, particularly section 32(c)(2)(A)(i), is very broad so as to include all types of employee compensation as constituting "earned income". This is contrasted with the specificity with which the statute and regulations identify certain items which do not constitute "earned income". Neither the statute nor the regulations provide for an exclusion from "earned income" for allowances received for meals and housing from the military. To the contrary, the regulations provide that "earned income" includes compensation that would not be taxed as gross income, such as meals and lodging furnished for the convenience of the employer.

*Jones (Walter) v. Commissioner of Internal Revenue,* 66 T.C.M. (CCH) 368, 370, 1993 WL 308162 (1993) (citations omitted).

Plaintiffs argue that *Jones (Clifford) v. United States,* 60 Ct.Cl. 552, 1925 WL 2686 (1925), requires this court to find that quarters and subsistence allowances are not compensation. In *Clifford Jones* a military officer was given $500.00 in cash to procure housing because no public quarters were available. The issue in that case was "whether the allowance known as commutation of quarters, or assignment and occupancy of quarters granted an Army officer, is compensation" for purposes of computing taxable income. *Id.* at 564. After trying to piece together the intent of Congress on the issue, the court held that housing allowances were "not allowances of a compensatory character," and therefore they were not taxable income. *Id.* at 567. "The officer is not paid a salary and furnished a house to live in for his services; he is, on the contrary, paid a salary *to live* in the quarters furnished," the court reasoned. *Id.* at 570 (emphasis in original).

Plaintiffs' reliance on the *Clifford Jones* case is misplaced because, in 1925, when that case was decided, the earned income credit and the definition of earned income did not even exist and the court was deciding how to define "compensation" for purposes of taxable income. By contrast, the court here considers the definition of "compensation" for purposes of a benefit calculated by using a formula independent of the amount of taxable income. Therefore, *Clifford Jones* is not controlling because its holding is readily distinguishable. More importantly, however, even if *Clifford Jones* had otherwise been directly on point, its holding cannot control in this case because, since 1925, Congress has clearly demonstrated its intent to include quarters and subsistence allowances in earned income. *See* 37 U.S.C. § 101(25); H.R.Rep. No. 103–826, pt. 1, at 180–81, *reprinted in* 1994 U.S.C.C.A.N. 3773, 3952–53; S.Rep. No. 103–412, at 147.[1]

---

1. Plaintiffs also cite Revenue Ruling 55–572, 1955–2 C.B. 45, to support their claim that quarters and subsistence allowances are not compensation. However, to the extent that Revenue

Plaintiffs also argue that 26 C.F.R. § 1.61–2(b) strongly suggests that quarters and subsistence allowances are not earned income because the regulation excludes those allowances from gross income.[2] Plaintiffs' reasoning is wrong because earned income and adjusted gross income are computed differently. *See* 26 U.S.C. § 32(a)(2)(B) (Supp. II 1996) (phaseout percentage is computed using the greater of modified adjusted gross income or earned income); 26 C.F.R. § 1.32–2(c)(2) ("Earned income includes compensation excluded from gross income, such as" rental value of a parsonage and the value of meals and lodging provided for convenience of employer); 26 C.F.R. § 1.32–2(d) (1996) (examples illustrating that earned income does not equal adjusted gross income). Therefore, the fact that income may be excluded from gross income does not necessarily mean that it should be excluded from earned income as well. In fact, the statute contemplates occasions when earned income will include amounts which do not qualify as adjusted gross income. Section 32(a)(2)(B) computes the amount of earned income credit an eligible taxpayer can claim by using the "modified adjusted gross income (or, if greater, the earned income) of the taxpayer."[3] By stating that the amount of earned income sometimes exceeds the amount of modified adjusted gross income, the regulations demonstrate that earned income sometimes includes income which is excluded from modified adjusted gross income. Therefore, section 1.61–2(b) does not support plaintiffs' claim.

Plaintiffs cite 26 U.S.C. § 3121(a) and (i)(2), arguing that the definition of wages for purposes of the Federal Insurance Contribu-

tions Act (FICA) includes only military base pay. However, even assuming that that contention is correct, it is irrelevant. Quarters and subsistence allowances constitute earned income because "compensation" includes quarters and subsistence allowances, *see* 37 U.S.C. § 101(25), and "earned income" includes compensation. *See* 26 U.S.C. § 32(c)(2)(a)(i). Therefore, quarters and subsistence allowances constitute earned income regardless of whether they satisfy the statutory definition of "wages" for FICA purposes.

Plaintiffs also argue in their complaint that Revenue Ruling 79–78 "held that the items of gross income which were not compensation did not qualify as earned income." However, the ruling itself acknowledges that beginning in 1979, items could be earned income even if they were excluded from gross income. Rev. Rul. 79–78, 1979–1 C.B. 9, at 9. It states that the requirement that "any amount shall be taken into account only if such amount is includible in the gross income of the taxpayer for the taxable year . . . was stricken from the law for taxable years beginning after December 31, 1978." *Id.; see also* Pub.L. No. 95–600, § 104(d), 92 Stat. 2763, 2772 (1978) (striking the requirement that an item be gross income to be included in earned income). Thus, Revenue Ruling 79–78 does not help plaintiffs in this case because it is irrelevant whether quarters and subsistence allowances are includible in gross income.

## CONCLUSION

The court holds that quarters and subsistence allowances are earned income. The court finds that plaintiffs have failed to establish that they are entitled to summary

Ruling 55–572 is relevant, it is unhelpful to plaintiff's case because it relies on *Clifford Jones*.

**2.** 26 C.F.R. § 1.61–2(b)(1) (1996) states:
Subsistence and uniform allowances granted commissioned officers, chief warrant officers, warrant officers, and enlisted personnel of the Armed Forces . . . and amounts received by them as commutation of quarters, are excluded from gross income. Similarly, the value of quarters or subsistence furnished to such persons is excluded from gross income.

**3.** Because the statute phases out the EIC based on the larger of earned income or modified adjusted gross income, *see* 26 U.S.C. § 32(a)(2)(B), and plaintiffs were ineligible for EIC based on the excessive amount of their combined earned income, the court need not address whether plaintiffs would have qualified for an EIC based only upon the amount of their modified adjusted gross income.

judgment because the law does not support their claim. Consequently, plaintiffs' motion for summary judgment is *DENIED*. On the other hand, because there are no issues of material fact and because defendant is entitled to judgment as a matter of law, defendant's cross-motion for summary judgment is *ALLOWED*.

IT IS SO ORDERED.